IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ISRAEL USBALDO LUCAS JUAREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:26-cv-563 (LMB/IDD) |
| | ) | |
| PAUL PERRY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

ORDER

On April 9, 2026, petitioner filed a Notice Regarding Violation of Court Order

("Notice"), alleging that the federal respondents violated this Court's March 20, 2026, Order.

See generally, [Dkt. No. 15]. Specifically, petitioner alleges that on April 9, 2026, at 12:00 pm,

petitioner attended a scheduled appointment in Norfolk, Virginia, and was detained by

Immigration and Customs Enforcement ("ICE") officials at that appointment despite this Court's

Order enjoining the federal respondents from re-detaining petitioner pending adjudication of his

Motion to Enforce Judgment.[1] See id. at 1-2. After petitioner's counsel contacted the U.S.

Attorney's Office, "ICE released [p]etitioner at approximately 1:50 [pm] but did not provide . . .

an acceptable explanation as to the reason for his re-detention." Id. at 2. Petitioner asserts that he

will be filing an "impending Motion for Order to Show Cause as to why [the federal

respondents] should not be held in contempt of court" for their actions. Id. at 1.

---

[1] The Court's March 20, 2026, Order enjoins the federal respondents from "re-detaining the
petitioner pending adjudication of his Motion to Enforce Judgment unless he (1) commits a
violation of any federal, state, or local law; (2) fails to comply with the conditions of his release;
(3) fails to attend a properly noticed immigration hearing; or (4) is detained pursuant to a valid,
final order of removal[.]" [Dkt. No. 11] at 1-2. Petitioner's Notice alleges that he "had not
committed a new violation of state, local, or federal law; he does not have a final order of
removal; he did not otherwise fail to comply with any conditions of his release; nor did he fail to
attend a properly noticed hearing in his immigration proceedings." [Dkt. No. 15] at 1-2.

Having been advised that the U.S. Attorney's Office acted diligently to ensure that the Court's March 20, 2026, Order was enforced, there is no need for petitioner to file his impending Motion for Order to Show Cause. Accordingly, it is hereby

ORDERED that petitioner not file the Motion for Order to Show Cause.

The Clerk is directed to forward a copy of this Order to counsel of record.

Entered this _10_ day of April, 2026.

Alexandria, Virginia

_____ /s/

Leonic M. Brinkema
United States District Judge

2